IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VINCENT TRAN,                                    09-CV-692-BR

         Plaintiff,

                                         OPINION AND ORDER

v.

TYCO ELECTRONICS CORPORATION
dba PRECISION INTERCONNECT,

         Defendant.


**VINCENT TRAN**
16100 S.E. Mill Street
Portland, OR  97233
(503) 760-3833

         Plaintiff, *Pro Se*

**LEAH S. SMITH**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709


1 - OPINION AND ORDER

**DAVID J. RIEWALD**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR 97205
(503) 248-1134

      Attorneys for Defendant

**BROWN, Judge.**

     This matter comes before the Court on Defendant Tyco Electronics Corporation dba Precision Interconnect's Motion (#6) to Dismiss Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6) and 12(f) and Request for Attorneys' Fees and Injunctive Relief.  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Tyco/Precision's Motion.


<u>**BACKGROUND**</u>

     Plaintiff Vincent Tran is a 41-year-old Vietnamese man who is missing most of his left arm from the elbow down.  In 1992 Precision Interconnect hired Plaintiff as a Senior CAD Operator. In 1996 Precision Interconnect promoted Plaintiff to the position of Design/Drafter.  In 1999 Precision Interconnect was acquired by Tyco Healthcare.  On April 23, 2008, Plaintiff resigned his employment with Tyco/Precision.

     Plaintiff has brought two earlier cases against Tyco Electronics Corporation dba Precision Instrument.  The Court dismissed both matters in 2008.  Both of the earlier cases

2 - OPINION AND ORDER

alleged claims arising from Plaintiff's employment with Tyco/Precision similar to those claims raised by Plaintiff in the case now before the Court.

## I.    Case No. 06-CV-1810-BR

On May 4, 2006, Plaintiff filed a complaint simultaneously with the Oregon Bureau of Labor and Industries (BOLI) and the Equal Employment Opportunity Commission (EEOC) alleging race and/or national origin discrimination.

On December 19, 2006, Plaintiff filed a Complaint in this Court seeking damages on the grounds that Tyco/Precision violated (1) Title VII, 42 U.S.C. § 2000e-2(m); (2) 42 U.S.C. § 1981; and (3) Oregon Revised Statute § 659A.030 when it demoted Plaintiff. Plaintiff also alleged a claim for intentional infliction of emotional distress (IIED) based on his demotion.

On January 29, 2007, Tyco/Precision filed a Motion to Dismiss Plaintiff's claims for violation of Title VII and Oregon Revised Statute § 659A.030 as untimely and to dismiss Plaintiff's claim for intentional infliction of emotional distress for failure to state a claim.

On April 24, 2007, the Court issued an Opinion and Order granting Tyco/Precision's Motion on the grounds that (1) Plaintiff's Title VII claim was untimely, (2) Plaintiff's § 659A.030 claim was untimely, and (3) Plaintiff failed to state a claim for intentional infliction of emotional distress.

3 - OPINION AND ORDER

Because Plaintiff appeared *pro se*, the Court granted Plaintiff leave to amend his Complaint to attempt to cure the deficiencies identified in the Court's Opinion and Order.

On July 31, 2007, Plaintiff filed an Amended Complaint in which he again alleged Tyco/Precision violated (1) Title VII, 42 U.S.C. § 2000e-2(m); (2) 42 U.S.C. § 1981; and (3) Oregon Revised Statute § 659A.030 when it changed Plaintiff's job title, did not select him for the Design Drafter or Drafter positions, included the months of October-January in his FY 2005 performance evaluation, and changed his work duties.  Plaintiff also alleged claims for IIED and negligent infliction of emotional distress (NIED) as well as a claim for fraud.

On August 17, 2007, Tyco/Precision filed a Motion to Dismiss Plaintiff's claims for fraud and violations of Title VII and Oregon Revised Statute § 659A.030 as untimely and to dismiss Plaintiff's claims for IIED and NEID for failure to state a claim.

On December 7, 2007, the Court issued an Opinion and Order in which it granted Tyco/Precision's Motion to Dismiss.

On May 27, 2008, Tyco/Precision moved for summary judgment as to Plaintiff's remaining claims.  On September 25, 2008, the Court issued an Opinion and Order granting Tyco/Precision's Motion for Summary Judgment and entered a Judgment dismissing the matter with prejudice.

Although Plaintiff appealed the dismissal of this action, the Ninth Circuit dismissed the appeal for lack of prosecution in May 2009.

## II.  Case No. 07-CV-953-BR

On June 28, 2007, Plaintiff filed a Complaint in this Court in which he alleged Tyco/Precision violated Oregon Revised Statute § 659A.030(1)(f) when it retaliated against Plaintiff for resisting unlawful discrimination based on his race, age, or national origin.

On July 11, 2007, Plaintiff filed an Amended Complaint in that action in which he alleged Tyco/Precision (1) violated Oregon Revised Statute § 659A.030(1)(f) by retaliating against Plaintiff for resisting discriminatory treatment based on his race, age, or national origin and (2) violated Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3, by retaliating against Plaintiff for filing a BOLI complaint.

On September 28, 2007, Plaintiff filed a second Amended Complaint in which he alleged Tyco/Precision (1) discriminated against Plaintiff on the basis of his race, color, and/or national origin in violation of Title VII, 42 U.S.C. § 2000e-2(m); (2) discriminated against Plaintiff on the basis of his race in violation of 42 U.S.C. § 1981; (3) discriminated against Plaintiff on the basis of his race, color, and/or national origin in violation of Oregon Revised Statute § 659A.030;

5 - OPINION AND ORDER

(4) intentionally and negligently inflicted emotional distress; (5) committed fraud; and (6) violated Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3, by retaliating against Plaintiff because he filed a BOLI complaint.

On January 22, 2008, the Court entered an Opinion and Order in which it granted Tyco/Precision's Motion to Dismiss Plaintiff's claims for intentional and negligent infliction of emotional distress and fraud.

On February 14, 2008, Plaintiff filed a third Amended Complaint in which he alleged Tyco/Precision discriminated against him on the basis of his national origin in violation of Title VII, 42 U.S.C. § 2000e-2; 42 U.S.C. § 1981; and Oregon Revised Statute § 659A.030.  Plaintiff also alleged Tyco/Precision retaliated against him for filing a BOLI complaint and Case No. 06-CV-1810-BR.

On May 27, 2008, Tyco/Precision filed a Motion for Summary Judgment as to all of Plaintiff's claims.

On September 29, 2008, the Court issued an Opinion and Order in which it granted Tyco/Precision's Motion for Summary Judgment and entered a Judgment dismissing the matter with prejudice.

Although Plaintiff appealed the dismissal of this action, the Ninth Circuit also dismissed the appeal for lack of prosecution in May 2009.

**III. The present action (09-CV-692-BR).**

In May 2008 Plaintiff filed a complaint with BOLI in which he alleged "unlawful employment discrimination based on race/color, and/or whistleblowing, and/or retaliation for opposing unlawful employment practices."

On June 18, 2009, Plaintiff filed a Complaint in this action, 09-CV-692-BR, in which he alleged Tyco/Precision discriminated against him in violation of 42 U.S.C. § 1981; Title VII, 42 U.S.C. § 2000(e)(2); and (3) Oregon Revised Statute § 659A.030 on the basis of his race, color, and/or national origin and in retaliation for filing his previous actions and complaints with BOLI.

On July 27, 2009, Plaintiff filed an Amended Complaint in which he alleges Tyco/Precision discriminated against him in violation of 42 U.S.C. § 1981; Title VII; and Oregon Revised Statute § 659A.030 on the basis of his race, color, and/or national origin and in retaliation for filing his previous actions and for complaining to BOLI.  Plaintiff also alleges Tyco/Precision discriminated against him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1); the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a); and (3) Oregon Revised Statute § 659A.112(1).  Finally, Plaintiff alleges Tyco/Precision unlawfully constructively discharged him on April 23, 2008.

On August 11, 2009, Tyco/Precision filed a Motion to Dismiss in which it seeks an order dismissing all of Plaintiff's claims on the grounds that they are barred by claim preclusion, Plaintiff failed to exhaust his administrative remedies, and/or Plaintiff's claims are time-barred.  Tyco/Precision also seeks attorneys' fees and an order enjoining Plaintiff from filing any further actions based on his employment with Tyco/Precision.

## **STANDARD**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is proper only if the pleadings fail to allege enough facts so as to demonstrate a plausible entitlement to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65.  In making this determination, the court must accept all allegations of material fact as true and construe the allegations in the light most favorable to the nonmoving party.  *Abagninin v. AMVAC Chem. Corp.* 545 F.3d 733, 737 (9th Cir. 2008).

8 - OPINION AND ORDER

In actions involving plaintiffs proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Aguasin v. Mukasey*, No. 05-70521, 2008 WL 4750618, at *1 (9th Cir. Oct. 30, 2008)(citing *Agyeman v. I.N.S.*, 296 F.3d 871, 878 (9th Cir. 2002)).

Before the court dismisses a *pro se* complaint for failure to state a claim, the court must provide the plaintiff with a statement of the complaint's deficiencies and give the plaintiff leave to amend the complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Rouse v. United States Dep't of State*, 548 F.3d 871, 881-82 (9th Cir. 2008).

## DISCUSSION

Tyco/Precision moves to dismiss Plaintiff's claims on the grounds that (1) they are "barred by *res judicata*,"[1] (2) Plaintiff failed to exhaust his administrative remedies, and (3) Plaintiff's claims for age and disability discrimination under Oregon law are time-barred.

---

[1] Courts now generally refer to *res judicata* as claim preclusion, the Court, therefore, refers to this doctrine as claim preclusion in its analysis. *See Cell Therapeutics, Inc. v. Lash Group, Inc.*, No. 08-35619, 2009 WL 3837544, at *8 (9th Cir. Nov. 18, 2009).

9 - OPINION AND ORDER

**I.   Plaintiff's claims are barred by claim preclusion.**

Under the doctrine of claim preclusion, a final judgment on the merits rendered by a court of competent jurisdiction is conclusive and constitutes an absolute bar to a subsequent identical action against the same defendant or those in privity with that defendant. *Montana v. United States*, 440 U.S. 147, 153 (1979). A claim or cause of action is identical when "the suits arise out of the same transactional nucleus of facts." *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 406 (9th Cir. 1985). *See also Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980).

"Claim preclusion 'applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties.'" *Cell Therapeutics*, 2009 WL 3837544, at *8 (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)).

The Ninth Circuit has held as to the identity of claims element that "[c]laim preclusion . . . bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cell Therapeutics*, 2009 WL 3837544, at *8 (citing *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)). "'It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have

been brought.'" *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003)(quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905 (9th Cir. 1998)).

In this action, Plaintiff alleges Tyco/Precision discriminated against him on the basis of his race, color, and/or national origin; disability; and age while Plaintiff was an employee. Plaintiff's claims in this case arise from the same set of facts as the claims in Plaintiff's prior actions, and, therefore, Plaintiff could have asserted all of these claims in his prior actions.

Plaintiff notes he moved to amend his Complaint in 07-CV-953 to supplement his claims for retaliation based on race, color, and/or national origin to include events that occurred between November 29 and December 5, 2007. On January 2, 2008, the Court denied Plaintiff's Motion on the ground that Plaintiff had not exhausted his administrative remedies as to these allegations, and, therefore, the Court lacked jurisdiction to address them. Plaintiff, however, did not file a BOLI complaint addressing these allegations until May 2008 after the close of discovery in his prior cases. Moreover, Plaintiff did not request a stay of the pending litigation to allow BOLI to process his new allegations nor did he request expedited relief from BOLI or file a complaint with BOLI in an expeditious manner. Thus, the Court

concludes Plaintiff could have raised these issues in his prior actions and failed to act diligently in an effort to do so.

In addition, Plaintiff did not seek leave of the Court in either prior action to add claims for disability or age discrimination even though the acts giving rise to these claims occurred before the close of discovery and well before the Court's issuance of Opinions and Orders that resolved the Motions for Summary Judgment in favor of Tyco/Precision.

On this record, the Court concludes Plaintiff's current action is barred by claim preclusion.

## II. Plaintiff failed to exhaust his claims for violation of the ADA and ADEA.

Even if Plaintiff's claims for violation of the ADA and ADEA were not barred by claim preclusion, the Court concludes Plaintiff has not exhausted his administrative remedies as to those claims, and, therefore, this Court lacks subject-matter jurisdiction over them.

To bring a claim in federal court under the ADA or the ADEA, "a plaintiff must first exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission (EEOC) or the state agency to whom investigative authority has been delegated." *Barrett v. Marion County*, Civ. No. 07-6337-TC, 2008 WL 4221544, at *1 (D. Or. Sept. 15, 2008)(citing 42 U.S.C. § 12117(a) and 29 U.S.C. § 626(d)). "[T]he administrative charge requirement serves the important purposes of giving the charged

12 - OPINION AND ORDER

party notice of the claim and narrowing the issues for prompt

adjudication and decision." *B.K.B. v. Maui Police Dep't*, 276

F.3d 1091, 1099 (9th Cir. 2002).

### A. Plaintiff did not allege discrimination or retaliation based on age or disability in his BOLI complaint.

As noted, Plaintiff stated in his BOLI charge preceding

this action that "I allege unlawful employment discrimination

based on race/color, and/or whistleblowing, and/or retaliation

for opposing unlawful employment practices." Plaintiff contends

he also asserted disability discrimination by stating in the

narrative accompanying his charge that he is "disabled."

Nevertheless, Plaintiff did not allege any discrimination or

retaliation based on his disability.

Plaintiff also contends he asserted age discrimination

in his May 2008 BOLI complaint by later asking BOLI to "please

also look into 72 people was [*sic*] let go by Tyco on December 9,

2008. It was statistically imbalance [*sic*]; more people over

forty years of age were laid off." In his statement, however,

Plaintiff does not allege age discrimination against him or set

out any specific facts related to him. The Court, therefore,

concludes Plaintiff did not allege discrimination or retaliation

based on age or disability in his BOLI complaint.

**B.**   **Plaintiff's ADA and ADEA claims could not reasonably "grow out of" his BOLI claims for discrimination based on race, color, and/or national origin.**

"Subject matter jurisdiction extends to all claims of discrimination that reasonably could grow out of the [EEOC or state administrative agency] charge." *Vasquez v. Los Angeles County,* 349 F.3d 634, 644 (9th Cir. 2004).

To determine whether a claim of discrimination reasonably could "grow out of" an EEOC or state administrative agency charge, the court must decide whether the claim "is reasonably related to the . . . charge." *Id.* The court may consider "such factors as the alleged basis of the discrimination, the dates of the discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Id.*

As noted, in his May 2008 BOLI charge Plaintiff alleged discrimination and retaliation based on race, color, and/or national origin. The Ninth Circuit has held charges of disability discrimination cannot reasonably be expected to grow out of charges of race, color, religion, sex, national origin, and/or age discrimination. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003).

In *Leong* the plaintiff filed an EEOC charge in which he alleged discrimination based on race, color, religion, sex,

14 - OPINION AND ORDER

national origin, and/or age.  *Id*. at 1121.  The plaintiff then
filed an action in federal court in which he also alleged he was
discriminated against on the basis of a disability.  *Id*.  The
Ninth Circuit held the plaintiff had not exhausted his
administrative remedies as to his disability claim:

> [The plaintiff's] disability claim relies on a
> different theory and a different statute than his
> other claims.  Disability discrimination was not
> investigated by the EEOC, and such an investi-
> gation could not have been reasonably expected to
> grow out of [the plaintiff's] charges. . . .
> Furthermore, [the plaintiff's] charges do not
> provide the [defendant] adequate notice of his
> disability discrimination claim. . . .  A decision
> that an EEOC complaint with no mention whatsoever
> of disability is "like or reasonably related to"
> [the plaintiff's] disability claim would reduce
> the exhaustion requirement to a formality.
> Although "the EEOC charge does not demand
> procedural exactness," *Sosa*, 920 F.2d at 1458, it
> requires something more than [the plaintiff]
> provided.  Therefore, the district court did not
> err in finding that [the plaintiff] failed to
> exhaust his administrative remedies for his claim.

*Id*. at 1122.

    Here, as in *Leong*, Plaintiff's ADA and ADEA claims rely
on different statutes than his claims regarding race, color,
and/or national origin.  In addition, there is not any evidence
that BOLI investigated discrimination against Plaintiff based on
disability or age.  Thus, the BOLI charge does not provide
adequate notice to Tyco/Precision of Plaintiff's disability or
age-discrimination claims.

    On this record, the Court concludes Plaintiff failed to

15 - OPINION AND ORDER

exhaust his administrative remedies as to his ADA and ADEA
claims, and, therefore, the Court lacks subject-matter
jurisdiction over these claims.

**III. Plaintiff's claims for age and disability discrimination under Oregon law are time-barred.**

Oregon Revised Statute § 659A.875 requires:

> (1) a civil action . . . alleging an unlawful employment practice must be commenced within one year after the occurrence of the unlawful employment practice unless a complaint has been timely filed [with BOLI] under ORS 659A.820.
>
> (2) A person who has filed a complaint under ORS 659A.820 must commence a civil action . . . within 90 days after a 90-day notice is mailed to the complainant.

Plaintiff's May 2008 BOLI charge did not sufficiently allege
disability or age discrimination. As noted, none of
Tyco/Precision's actions that form the basis of Plaintiff's
disability and age-discrimination claims occurred later than
Plaintiff's resignation on April 23, 2008. Plaintiff filed this
action on June 19, 2009, which is more than one year after April
23, 2008.

Accordingly, the Court concludes Plaintiff's claims for
discrimination based on age or disability in violation of Oregon
law are time-barred.

**IV. Tyco/Precision's request for injunctive relief.**

Tyco/Precision requests the Court to issue an order
permanently enjoining Plaintiff from filing any further

16 - OPINION AND ORDER

employment discrimi- nation or retaliation claims under state or federal law against Tyco/Precision.

The Ninth Circuit has held

> [t]he doctrines of collateral estoppel and *res judicata* ordinarily provide adequate assurance that one court's resolution of a controversy will be respected by other courts.  Nevertheless, under the All Writs Act, 28 U.S.C. § 1651, district courts do have the power to reinforce the effects of these doctrines by issuing an injunction against repetitive litigation.

*Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983).

Plaintiff has filed three actions relating to his employment with Tyco/Precision, all of which have now been dismissed by this Court.  Because Plaintiff has not been employed by Tyco/Precision since April 23, 2008, and the Court has determined Plaintiff's claims relating to discrimination in his employment by Tyco/Precision are barred by claim preclusion and/or time barred, the Court enters a permanent injunction as follows:  Plaintiff is hereby permanently enjoined from relitigating or attempting to relitigate his claims against Tyco/Precision by filing any further actions in this Court against Tyco/Precision, its respective agents, or any other entity in privity with Tyco/Precision concerning the acts, omissions, or events related to or arising out of the matters set out in the present action or in Case Nos. 06-CV-1810-BR and 07-CV-953-BR.

**V.    Attorneys' Fees and Costs**.

Tyco/Precision requests attorneys' fees and costs incurred in filing its Motion to Dismiss because Plaintiff refused to voluntarily dismiss this action even after Tyco/Precision conferred with Plaintiff.

**A.    Attorneys' Fees**

Tyco/Precision relies on 28 U.S.C. § 1927 and the Court's inherent power to impose sanctions as set out in *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001), to support its request for attorneys' fees.

Section 1927 explicitly applies only to attorneys who multiply "proceedings unreasonably and vexatiously" and Tyco/Precision does not offer any authority that it applies to *pro se* plaintiffs.  Plaintiff is not an attorney and has conducted all of his actions *pro se*.  Accordingly, the Court concludes § 1927 does not provide the Court with authority to sanction Plaintiff in this matter.

In *Fink*, however, the Ninth Circuit addressed the Court's inherent power to issue sanctions against an attorney. The Ninth Circuit held inherent-power "sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith.  Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an

18 - OPINION AND ORDER

improper purpose." *Id*. at 994.

As noted, Plaintiff has proceeded *pro se* in all of his actions. Although his repetitious filings have been determined to lack merit, there is not any evidence that Plaintiff brought these actions in bad faith or that he engaged in any action tantamount to bad faith.

Now that the Court has permanently enjoined Plaintiff from bringing another action, however, the Court hereby notifies Plaintiff that the Court will impose monetary sanctions against him, including attorneys' fees, if Plaintiff does not comply with the injunction.

Accordingly, the Court denies Tyco/Precision's request for attorneys' fees under *Fink*.

**B.  Costs**

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). The court's discretion, however, is not unlimited. A district court must specify appropriate reasons for a refusal to award costs. *Id.*

To overcome the presumption in favor of awarding costs to the prevailing party, the court must make specific findings that the "case is not 'ordinary' and . . . it would be

19 - OPINION AND ORDER

inappropriate or inequitable to award costs." *Id.* at 593. Appropriate reasons for a district court to deny costs to a prevailing party include the losing party's limited financial resources and any chilling effect a high award of costs might have on future litigants. *Id*. at 592. The losing party has the burden to prove that costs should not be awarded based on the party's inability to pay. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

The Court is aware from litigation regarding the cost bills in Plaintiff's other two cases that Plaintiff has limited means. Tyco/Precision did not submit any evidence as to the amount of costs it incurred in this matter. The Court, therefore, cannot assess whether the costs in this matter are so high as to have a chilling effect on future litigants and cannot balance Plaintiff's means with the amount of costs.

Accordingly, the Court declines to address this issue until Tyco/Precision files a cost bill in due course.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Tyco/Precision's Motion (#6) to Dismiss Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6) and 12(f) and Request for Attorneys' Fees and Injunctive Relief as follows:

1.   **GRANTS** Tyco/Precision's Motion to Dismiss,

2.    **GRANTS** Tyco/Precision's request for injunctive relief

as set out in this Opinion and Order,

3.    **DENIES** Tyco/Precision's request for attorneys' fees,

and

4.    **DENIES** Tyco/Precision's request for costs with leave to

renew its request in a cost bill in due course.

IT IS SO ORDERED.

DATED this 20th day of November, 2009.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VINCENT TRAN,                                    09-CV-692-BR

        Plaintiff,

                                                 OPINION AND ORDER

v.

TYCO ELECTRONICS CORPORATION
dba PRECISION INTERCONNECT,

        Defendant.


VINCENT TRAN
16100 S.E. Mill Street
Portland, OR  97233
(503) 760-3833

        Plaintiff, *Pro Se*

LEAH S. SMITH
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709


1 - OPINION AND ORDER

**DAVID J. RIEWALD**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR 97205
(503) 248-1134

      Attorneys for Defendant

**BROWN, Judge.**

     This matter comes before the Court on Defendant Tyco
Electronics Corporation dba Precision Interconnect's Motion (#6)
to Dismiss Plaintiff's Amended Complaint Pursuant to FRCP
12(b)(6) and 12(f) and Request for Attorneys' Fees and Injunctive
Relief.  For the reasons that follow, the Court **GRANTS in part**
and **DENIES in part** Tyco/Precision's Motion.


<u>**BACKGROUND**</u>

     Plaintiff Vincent Tran is a 41-year-old Vietnamese man who
is missing most of his left arm from the elbow down.  In 1992
Precision Interconnect hired Plaintiff as a Senior CAD Operator.
In 1996 Precision Interconnect promoted Plaintiff to the position
of Design/Drafter.  In 1999 Precision Interconnect was acquired
by Tyco Healthcare.  On April 23, 2008, Plaintiff resigned his
employment with Tyco/Precision.

     Plaintiff has brought two earlier cases against Tyco
Electronics Corporation dba Precision Instrument.  The Court
dismissed both matters in 2008.  Both of the earlier cases

2 - OPINION AND ORDER

alleged claims arising from Plaintiff's employment with
Tyco/Precision similar to those claims raised by Plaintiff in the
case now before the Court.

I.   **Case No. 06-CV-1810-BR**

On May 4, 2006, Plaintiff filed a complaint simultaneously
with the Oregon Bureau of Labor and Industries (BOLI) and the
Equal Employment Opportunity Commission (EEOC) alleging race
and/or national origin discrimination.

On December 19, 2006, Plaintiff filed a Complaint in this
Court seeking damages on the grounds that Tyco/Precision violated
(1) Title VII, 42 U.S.C. § 2000e-2(m); (2) 42 U.S.C. § 1981; and
(3) Oregon Revised Statute § 659A.030 when it demoted Plaintiff.
Plaintiff also alleged a claim for intentional infliction of
emotional distress (IIED) based on his demotion.

On January 29, 2007, Tyco/Precision filed a Motion to
Dismiss Plaintiff's claims for violation of Title VII and Oregon
Revised Statute § 659A.030 as untimely and to dismiss Plaintiff's
claim for intentional infliction of emotional distress for
failure to state a claim.

On April 24, 2007, the Court issued an Opinion and Order
granting Tyco/Precision's Motion on the grounds that
(1) Plaintiff's Title VII claim was untimely, (2) Plaintiff's
§ 659A.030 claim was untimely, and (3) Plaintiff failed to state
a claim for intentional infliction of emotional distress.

Because Plaintiff appeared *pro se*, the Court granted Plaintiff leave to amend his Complaint to attempt to cure the deficiencies identified in the Court's Opinion and Order.

On July 31, 2007, Plaintiff filed an Amended Complaint in which he again alleged Tyco/Precision violated (1) Title VII, 42 U.S.C. § 2000e-2(m); (2) 42 U.S.C. § 1981; and (3) Oregon Revised Statute § 659A.030 when it changed Plaintiff's job title, did not select him for the Design Drafter or Drafter positions, included the months of October-January in his FY 2005 performance evaluation, and changed his work duties.  Plaintiff also alleged claims for IIED and negligent infliction of emotional distress (NIED) as well as a claim for fraud.

On August 17, 2007, Tyco/Precision filed a Motion to Dismiss Plaintiff's claims for fraud and violations of Title VII and Oregon Revised Statute § 659A.030 as untimely and to dismiss Plaintiff's claims for IIED and NEID for failure to state a claim.

On December 7, 2007, the Court issued an Opinion and Order in which it granted Tyco/Precision's Motion to Dismiss.

On May 27, 2008, Tyco/Precision moved for summary judgment as to Plaintiff's remaining claims.  On September 25, 2008, the Court issued an Opinion and Order granting Tyco/Precision's Motion for Summary Judgment and entered a Judgment dismissing the matter with prejudice.

Although Plaintiff appealed the dismissal of this action, the Ninth Circuit dismissed the appeal for lack of prosecution in May 2009.

**II.   Case No. 07-CV-953-BR**

On June 28, 2007, Plaintiff filed a Complaint in this Court in which he alleged Tyco/Precision violated Oregon Revised Statute § 659A.030(1)(f) when it retaliated against Plaintiff for resisting unlawful discrimination based on his race, age, or national origin.

On July 11, 2007, Plaintiff filed an Amended Complaint in that action in which he alleged Tyco/Precision (1) violated Oregon Revised Statute § 659A.030(1)(f) by retaliating against Plaintiff for resisting discriminatory treatment based on his race, age, or national origin and (2) violated Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3, by retaliating against Plaintiff for filing a BOLI complaint.

On September 28, 2007, Plaintiff filed a second Amended Complaint in which he alleged Tyco/Precision (1) discriminated against Plaintiff on the basis of his race, color, and/or national origin in violation of Title VII, 42 U.S.C. § 2000e-2(m); (2) discriminated against Plaintiff on the basis of his race in violation of 42 U.S.C. § 1981; (3) discriminated against Plaintiff on the basis of his race, color, and/or national origin in violation of Oregon Revised Statute § 659A.030;

(4) intentionally and negligently inflicted emotional distress;
(5) committed fraud; and (6) violated Title VII, 42 U.S.C.
§§ 2000e-2 and 2000e-3, by retaliating against Plaintiff because
he filed a BOLI complaint.

On January 22, 2008, the Court entered an Opinion and Order
in which it granted Tyco/Precision's Motion to Dismiss
Plaintiff's claims for intentional and negligent infliction of
emotional distress and fraud.

On February 14, 2008, Plaintiff filed a third Amended
Complaint in which he alleged Tyco/Precision discriminated
against him on the basis of his national origin in violation of
Title VII, 42 U.S.C. § 2000e-2; 42 U.S.C. § 1981; and Oregon
Revised Statute § 659A.030.  Plaintiff also alleged
Tyco/Precision retaliated against him for filing a BOLI complaint
and Case No. 06-CV-1810-BR.

On May 27, 2008, Tyco/Precision filed a Motion for Summary
Judgment as to all of Plaintiff's claims.

On September 29, 2008, the Court issued an Opinion and Order
in which it granted Tyco/Precision's Motion for Summary Judgment
and entered a Judgment dismissing the matter with prejudice.

Although Plaintiff appealed the dismissal of this action,
the Ninth Circuit also dismissed the appeal for lack of
prosecution in May 2009.

6 - OPINION AND ORDER

**III. The present action (09-CV-692-BR).**

In May 2008 Plaintiff filed a complaint with BOLI in which he alleged "unlawful employment discrimination based on race/color, and/or whistleblowing, and/or retaliation for opposing unlawful employment practices."

On June 18, 2009, Plaintiff filed a Complaint in this action, 09-CV-692-BR, in which he alleged Tyco/Precision discriminated against him in violation of 42 U.S.C. § 1981; Title VII, 42 U.S.C. § 2000(e)(2); and (3) Oregon Revised Statute § 659A.030 on the basis of his race, color, and/or national origin and in retaliation for filing his previous actions and complaints with BOLI.

On July 27, 2009, Plaintiff filed an Amended Complaint in which he alleges Tyco/Precision discriminated against him in violation of 42 U.S.C. § 1981; Title VII; and Oregon Revised Statute § 659A.030 on the basis of his race, color, and/or national origin and in retaliation for filing his previous actions and for complaining to BOLI.  Plaintiff also alleges Tyco/Precision discriminated against him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1); the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a); and (3) Oregon Revised Statute § 659A.112(1).  Finally, Plaintiff alleges Tyco/Precision unlawfully constructively discharged him on April 23, 2008.

On August 11, 2009, Tyco/Precision filed a Motion to Dismiss in which it seeks an order dismissing all of Plaintiff's claims on the grounds that they are barred by claim preclusion, Plaintiff failed to exhaust his administrative remedies, and/or Plaintiff's claims are time-barred.  Tyco/Precision also seeks attorneys' fees and an order enjoining Plaintiff from filing any further actions based on his employment with Tyco/Precision.

## **STANDARD**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is proper only if the pleadings fail to allege enough facts so as to demonstrate a plausible entitlement to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65.  In making this determination, the court must accept all allegations of material fact as true and construe the allegations in the light most favorable to the nonmoving party. *Abagninin v. AMVAC Chem. Corp.* 545 F.3d 733, 737 (9th Cir. 2008).

8 - OPINION AND ORDER

In actions involving plaintiffs proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Aguasin v. Mukasey*, No. 05-70521, 2008 WL 4750618, at *1 (9th Cir. Oct. 30, 2008)(citing *Agyeman v. I.N.S.*, 296 F.3d 871, 878 (9th Cir. 2002)).

Before the court dismisses a *pro se* complaint for failure to state a claim, the court must provide the plaintiff with a statement of the complaint's deficiencies and give the plaintiff leave to amend the complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Rouse v. United States Dep't of State*, 548 F.3d 871, 881-82 (9th Cir. 2008).

## DISCUSSION

Tyco/Precision moves to dismiss Plaintiff's claims on the grounds that (1) they are "barred by *res judicata*,"[1] (2) Plaintiff failed to exhaust his administrative remedies, and (3) Plaintiff's claims for age and disability discrimination under Oregon law are time-barred.

---

[1] Courts now generally refer to *res judicata* as claim preclusion, the Court, therefore, refers to this doctrine as claim preclusion in its analysis. *See Cell Therapeutics, Inc. v. Lash Group, Inc.*, No. 08-35619, 2009 WL 3837544, at *8 (9th Cir. Nov. 18, 2009).

9 - OPINION AND ORDER

**I.    Plaintiff's claims are barred by claim preclusion.**

Under the doctrine of claim preclusion, a final judgment on the merits rendered by a court of competent jurisdiction is conclusive and constitutes an absolute bar to a subsequent identical action against the same defendant or those in privity with that defendant. *Montana v. United States*, 440 U.S. 147, 153 (1979).  A claim or cause of action is identical when "the suits arise out of the same transactional nucleus of facts." *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 406 (9th Cir. 1985).  *See also Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980).

"Claim preclusion 'applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties.'" *Cell Therapeutics*, 2009 WL 3837544, at *8 (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)).

The Ninth Circuit has held as to the identity of claims element that "[c]laim preclusion . . . bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cell Therapeutics*, 2009 WL 3837544, at *8 (citing *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)).  "'It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have

10 - OPINION AND ORDER

been brought.'"  *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003)(quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905 (9th Cir. 1998)).

In this action, Plaintiff alleges Tyco/Precision discriminated against him on the basis of his race, color, and/or national origin; disability; and age while Plaintiff was an employee.  Plaintiff's claims in this case arise from the same set of facts as the claims in Plaintiff's prior actions, and, therefore, Plaintiff could have asserted all of these claims in his prior actions.

Plaintiff notes he moved to amend his Complaint in 07-CV-953 to supplement his claims for retaliation based on race, color, and/or national origin to include events that occurred between November 29 and December 5, 2007.  On January 2, 2008, the Court denied Plaintiff's Motion on the ground that Plaintiff had not exhausted his administrative remedies as to these allegations, and, therefore, the Court lacked jurisdiction to address them.  Plaintiff, however, did not file a BOLI complaint addressing these allegations until May 2008 after the close of discovery in his prior cases.  Moreover, Plaintiff did not request a stay of the pending litigation to allow BOLI to process his new allegations nor did he request expedited relief from BOLI or file a complaint with BOLI in an expeditious manner.  Thus, the Court

concludes Plaintiff could have raised these issues in his prior actions and failed to act diligently in an effort to do so.

In addition, Plaintiff did not seek leave of the Court in either prior action to add claims for disability or age discrimination even though the acts giving rise to these claims occurred before the close of discovery and well before the Court's issuance of Opinions and Orders that resolved the Motions for Summary Judgment in favor of Tyco/Precision.

On this record, the Court concludes Plaintiff's current action is barred by claim preclusion.

## II. Plaintiff failed to exhaust his claims for violation of the ADA and ADEA.

Even if Plaintiff's claims for violation of the ADA and ADEA were not barred by claim preclusion, the Court concludes Plaintiff has not exhausted his administrative remedies as to those claims, and, therefore, this Court lacks subject-matter jurisdiction over them.

To bring a claim in federal court under the ADA or the ADEA, "a plaintiff must first exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission (EEOC) or the state agency to whom investigative authority has been delegated." *Barrett v. Marion County*, Civ. No. 07-6337-TC, 2008 WL 4221544, at *1 (D. Or. Sept. 15, 2008)(citing 42 U.S.C. § 12117(a) and 29 U.S.C. § 626(d)). "[T]he administrative charge requirement serves the important purposes of giving the charged

12 - OPINION AND ORDER

party notice of the claim and narrowing the issues for prompt adjudication and decision." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).

**A.    Plaintiff did not allege discrimination or retaliation based on age or disability in his BOLI complaint.**

As noted, Plaintiff stated in his BOLI charge preceding this action that "I allege unlawful employment discrimination based on race/color, and/or whistleblowing, and/or retaliation for opposing unlawful employment practices." Plaintiff contends he also asserted disability discrimination by stating in the narrative accompanying his charge that he is "disabled." Nevertheless, Plaintiff did not allege any discrimination or retaliation based on his disability.

Plaintiff also contends he asserted age discrimination in his May 2008 BOLI complaint by later asking BOLI to "please also look into 72 people was [*sic*] let go by Tyco on December 9, 2008.  It was statistically imbalance [*sic*]; more people over forty years of age were laid off."  In his statement, however, Plaintiff does not allege age discrimination against him or set out any specific facts related to him.  The Court, therefore, concludes Plaintiff did not allege discrimination or retaliation based on age or disability in his BOLI complaint.

**B.    Plaintiff's ADA and ADEA claims could not reasonably "grow out of" his BOLI claims for discrimination based on race, color, and/or national origin.**

"Subject matter jurisdiction extends to all claims of discrimination that reasonably could grow out of the [EEOC or state administrative agency] charge." *Vasquez v. Los Angeles County,* 349 F.3d 634, 644 (9th Cir. 2004).

To determine whether a claim of discrimination reasonably could "grow out of" an EEOC or state administrative agency charge, the court must decide whether the claim "is reasonably related to the . . . charge." *Id.* The court may consider "such factors as the alleged basis of the discrimination, the dates of the discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Id.*

As noted, in his May 2008 BOLI charge Plaintiff alleged discrimination and retaliation based on race, color, and/or national origin. The Ninth Circuit has held charges of disability discrimination cannot reasonably be expected to grow out of charges of race, color, religion, sex, national origin, and/or age discrimination. *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003).

In *Leong* the plaintiff filed an EEOC charge in which he alleged discrimination based on race, color, religion, sex,

14 - OPINION AND ORDER

national origin, and/or age. *Id*. at 1121. The plaintiff then
filed an action in federal court in which he also alleged he was
discriminated against on the basis of a disability. *Id*. The
Ninth Circuit held the plaintiff had not exhausted his
administrative remedies as to his disability claim:

> [The plaintiff's] disability claim relies on a
> different theory and a different statute than his
> other claims. Disability discrimination was not
> investigated by the EEOC, and such an investi-
> gation could not have been reasonably expected to
> grow out of [the plaintiff's] charges. . . .
> Furthermore, [the plaintiff's] charges do not
> provide the [defendant] adequate notice of his
> disability discrimination claim. . . . A decision
> that an EEOC complaint with no mention whatsoever
> of disability is "like or reasonably related to"
> [the plaintiff's] disability claim would reduce
> the exhaustion requirement to a formality.
> Although "the EEOC charge does not demand
> procedural exactness," *Sosa*, 920 F.2d at 1458, it
> requires something more than [the plaintiff]
> provided. Therefore, the district court did not
> err in finding that [the plaintiff] failed to
> exhaust his administrative remedies for his claim.

*Id*. at 1122.

Here, as in *Leong*, Plaintiff's ADA and ADEA claims rely
on different statutes than his claims regarding race, color,
and/or national origin. In addition, there is not any evidence
that BOLI investigated discrimination against Plaintiff based on
disability or age. Thus, the BOLI charge does not provide
adequate notice to Tyco/Precision of Plaintiff's disability or
age-discrimination claims.

On this record, the Court concludes Plaintiff failed to

15 - OPINION AND ORDER

exhaust his administrative remedies as to his ADA and ADEA claims, and, therefore, the Court lacks subject-matter jurisdiction over these claims.

**III. Plaintiff's claims for age and disability discrimination under Oregon law are time-barred.**

Oregon Revised Statute § 659A.875 requires:

> (1) a civil action . . . alleging an unlawful employment practice must be commenced within one year after the occurrence of the unlawful employment practice unless a complaint has been timely filed [with BOLI] under ORS 659A.820.

> (2) A person who has filed a complaint under ORS 659A.820 must commence a civil action . . . within 90 days after a 90-day notice is mailed to the complainant.

Plaintiff's May 2008 BOLI charge did not sufficiently allege disability or age discrimination.  As noted, none of Tyco/Precision's actions that form the basis of Plaintiff's disability and age-discrimination claims occurred later than Plaintiff's resignation on April 23, 2008.  Plaintiff filed this action on June 19, 2009, which is more than one year after April 23, 2008.

Accordingly, the Court concludes Plaintiff's claims for discrimination based on age or disability in violation of Oregon law are time-barred.

**IV.  Tyco/Precision's request for injunctive relief.**

Tyco/Precision requests the Court to issue an order permanently enjoining Plaintiff from filing any further

16 - OPINION AND ORDER

employment discrimi- nation or retaliation claims under state or federal law against Tyco/Precision.

The Ninth Circuit has held

> [t]he doctrines of collateral estoppel and *res judicata* ordinarily provide adequate assurance that one court's resolution of a controversy will be respected by other courts. Nevertheless, under the All Writs Act, 28 U.S.C. § 1651, district courts do have the power to reinforce the effects of these doctrines by issuing an injunction against repetitive litigation.

*Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983).

Plaintiff has filed three actions relating to his employment with Tyco/Precision, all of which have now been dismissed by this Court. Because Plaintiff has not been employed by Tyco/Precision since April 23, 2008, and the Court has determined Plaintiff's claims relating to discrimination in his employment by Tyco/Precision are barred by claim preclusion and/or time barred, the Court enters a permanent injunction as follows: Plaintiff is hereby permanently enjoined from relitigating or attempting to relitigate his claims against Tyco/Precision by filing any further actions in this Court against Tyco/Precision, its respective agents, or any other entity in privity with Tyco/Precision concerning the acts, omissions, or events related to or arising out of the matters set out in the present action or in Case Nos. 06-CV-1810-BR and 07-CV-953-BR.

17 - OPINION AND ORDER

**V.   Attorneys' Fees and Costs**.

Tyco/Precision requests attorneys' fees and costs incurred in filing its Motion to Dismiss because Plaintiff refused to voluntarily dismiss this action even after Tyco/Precision conferred with Plaintiff.

**A.   Attorneys' Fees**

Tyco/Precision relies on 28 U.S.C. § 1927 and the Court's inherent power to impose sanctions as set out in *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001), to support its request for attorneys' fees.

Section 1927 explicitly applies only to attorneys who multiply "proceedings unreasonably and vexatiously" and Tyco/Precision does not offer any authority that it applies to *pro se* plaintiffs.  Plaintiff is not an attorney and has conducted all of his actions *pro se*.  Accordingly, the Court concludes § 1927 does not provide the Court with authority to sanction Plaintiff in this matter.

In *Fink*, however, the Ninth Circuit addressed the Court's inherent power to issue sanctions against an attorney. The Ninth Circuit held inherent-power "sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith.  Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an

18 - OPINION AND ORDER

improper purpose." *Id*. at 994.

As noted, Plaintiff has proceeded *pro se* in all of his actions. Although his repetitious filings have been determined to lack merit, there is not any evidence that Plaintiff brought these actions in bad faith or that he engaged in any action tantamount to bad faith.

Now that the Court has permanently enjoined Plaintiff from bringing another action, however, the Court hereby notifies Plaintiff that the Court will impose monetary sanctions against him, including attorneys' fees, if Plaintiff does not comply with the injunction.

Accordingly, the Court denies Tyco/Precision's request for attorneys' fees under *Fink*.

## B.  Costs

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). The court's discretion, however, is not unlimited. A district court must specify appropriate reasons for a refusal to award costs. *Id.*

To overcome the presumption in favor of awarding costs to the prevailing party, the court must make specific findings that the "case is not 'ordinary' and . . . it would be

19 - OPINION AND ORDER

inappropriate or inequitable to award costs." *Id.* at 593.
Appropriate reasons for a district court to deny costs to a
prevailing party include the losing party's limited financial
resources and any chilling effect a high award of costs might
have on future litigants. *Id*. at 592.  The losing party has the
burden to prove that costs should not be awarded based on the
party's inability to pay. *Save Our Valley v. Sound Transit*, 335
F.3d 932, 945 (9th Cir. 2003).

        The Court is aware from litigation regarding the cost
bills in Plaintiff's other two cases that Plaintiff has limited
means.  Tyco/Precision did not submit any evidence as to the
amount of costs it incurred in this matter.  The Court,
therefore, cannot assess whether the costs in this matter are so
high as to have a chilling effect on future litigants and cannot
balance Plaintiff's means with the amount of costs.

        Accordingly, the Court declines to address this issue
until Tyco/Precision files a cost bill in due course.


<u>CONCLUSION</u>

        For these reasons, the Court **GRANTS in part** and **DENIES in
part** Tyco/Precision's Motion (#6) to Dismiss Plaintiff's Amended
Complaint Pursuant to FRCP 12(b)(6) and 12(f) and Request for
Attorneys' Fees and Injunctive Relief as follows:

        1.    **GRANTS** Tyco/Precision's Motion to Dismiss,

20 - OPINION AND ORDER

2.    **GRANTS** Tyco/Precision's request for injunctive relief

as set out in this Opinion and Order,

3.    **DENIES** Tyco/Precision's request for attorneys' fees,

and

4.    **DENIES** Tyco/Precision's request for costs with leave to

renew its request in a cost bill in due course.

IT IS SO ORDERED.

DATED this 20th day of November, 2009.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

21 - OPINION AND ORDER